**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WALTER H. CARY, III,
et al.,

      Plaintiffs,

v.                                                                        Case No. 3:19-cv-199-J-32MCR

STATE OF FLORIDA,
et al.,

      Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Walter H. Cary, III, a pretrial detainee at the Clay County Jail, initiated this case by filing a pro se pleading titled "Petition for a Writ of Mandamus" (Doc. 1) (Complaint), which the Court construes as a Civil Rights Complaint. He names twenty-two other inmates as Plaintiffs (see Doc. 1 at 4-5), and also filed a request to proceed as a pauper (Doc. 2).[1] Plaintiffs name the State of Florida as their only Defendant. See Doc. 1.

It is not entirely clear what claims each Plaintiff is attempting to raise. They reference numerous issues, including: (1) insufficiencies in their attorney's representation; (2) that the pretrial detention facility only offers cold meals and expired juices; (3) lack of access to the law library; (4) insufficient grievance process; (5) no recreation for sixty-two days; (6) interference with legal mail; (7) no newspaper

---

[1] Cary is the only Plaintiff that has filed a request to proceed as a pauper. See Doc. 2.

or television; (8) improper cleaning agents for cleaning cell and shower; (9) church services are only available to five inmates; (10) personal property is destroyed; (11) pretrial detainees are cuffed together during searches; and (12) trial court judges will not allow Plaintiffs to appear pro se in their pending cases. See generally Doc. 1. As relief, they request that Defendants "cease and desist these illegal forms of torture which cause Detainees to sign a plea agreement when they would not have without being coerced with cruel and unusual punishment." Id. at 4.

The Prison Litigation Reform Act (PLRA) "requires that each prisoner proceeding [in forma pauperis] pay the full filing fee[.]" Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001).

> In Hubbard, 18 prisoners filed a single pro se civil rights action under § 1983 against a correctional facility and other defendants. The prisoners alleged that the correctional facility failed to provide constitutionally adequate medical care and diet. We affirmed the district court's dismissal of the complaint, holding that the plain language of the PLRA requires that each prisoner proceeding IFP pay the full initial filing fee and the appellate filing fee.

Bowens v. Turner Guilford Knight Det., 510 F. App'x 863, 863 (11th Cir. 2013) (citations omitted). "[T]he PLRA, as interpreted by Hubbard, did not provide exceptions for joinder of inmate plaintiffs based on the nature of the claims that they raised. To the contrary, because the prisoners in Hubbard claimed inadequate medical care, the court in Hubbard arguably anticipated claims that could involve exigent danger to the prisoners[.]" Id. at 864. Thus, each Plaintiff must initiate his own case.

Additionally, Plaintiff Cary, as a pro se litigant, cannot represent other inmates.

2

See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) ("As a pro se litigant, [the plaintiff] cannot bring an action on behalf of his fellow orthodox Muslim inmates." (citations omitted)); see also Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654,[2] the provision permitting parties to proceed pro se, "appears to provide a personal right that does not extend to the representation of the interests of others").

Therefore, this case is due to be dismissed without prejudice to each Plaintiff initiating his own case. If Plaintiffs choose to separately refile their claims, they are advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). A complaint must include facts showing how each named defendant allegedly violated the plaintiff's rights, and all claims raised must be related–meaning that the claims must arise from the same basic issue or incident. Unrelated claims must be raised in a separate lawsuit.

---

[2] "In all courts in the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.

It is, therefore, **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The Clerk shall send each Plaintiff a copy of this Order, a civil rights complaint form, and an affidavit of indigency form. Each Plaintiff may complete and file a separate complaint if he desires to proceed with his claims. This case number should not be written on the filings, as the Clerk will assign a new case number to each new complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Walter H. Cary, III
Joel Spangler
Joshua Roberson
John R. Cook
Gary Barlow
Johnathan Cartwrights
Jared Liles
Randall R. Smith
Brian A. Frye

4

James Williamson
Jesse Sapp
Ariel Lopez-Perez
Williams Prezaz, Jr.
Kiarle Williams
Johnny O. Perry, Jr.
Desmond B. Turner
Dakota Legros
Gerald A. Reedy
Rodney Puckett
Damien Stitt
Stephen Williams
Pete Dellapenna
Elick Levi Griffis